```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robson Xavier Gomes

   v.                                     Civil No. 20-cv-453-LM

US Department of Homeland Security,
Acting Secretary et. al.

**O R D E R**

    Robson Xavier Gomes, Darwin Aliesky Cuesta-Rojas, and Jose Nolberto Tacuri-Tacuri, on behalf of themselves and all those similarly situated, have filed an amended petition for a writ of habeas corpus (doc. no. 5), a motion for preliminary injunction and expedited discovery (doc. no. 7), an emergency motion for expedited bail hearings for plaintiffs and all putative class members (doc. no. 9), and a motion to certify civil immigration detainees held at the Strafford County Department of Corrections ("SCDOC") as a class (doc. no. 14).

    On April 27, 2020, the court held a video hearing to give parties the opportunity to address the legal standards related to petitioners' emergency motion for expedited bail hearings. Doc. no. 9.  The court summarizes below the governing principles.

**LEGAL STANDARD**

"[A] district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits." Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); see also Mapp v. Reno, 241 F.3d 221, 230 (2d Cir. 2001).  In the First Circuit, a court may grant bail to a habeas petitioner if: (1) the petitioner has a clear case on the law and facts, or (2) exceptional circumstances are present and the petitioner demonstrates a substantial claim of constitutional error. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972); Bader v. Coplan, No. CIV. 02-508-JD, 2003 WL 163171, at *4 (D.N.H. Jan. 23, 2003).  Because the COVID-19 pandemic presents an exceptional health risk to everyone, but especially detainees, the parties and the court agree that the latter test applies in this case.  See, e.g., Coronel v. Decker, No. 20-CV-2472 (AJN), 2020 WL 1487274, at *9 (S.D.N.Y. Mar. 27, 2020) (concluding COVID-19 presents an extraordinary circumstances that justifies release pending adjudication of habeas because "[i]f Petitioners were to remain detained, they would face a significant risk that they would contract COVID-19—the very outcome they seek to avoid").

2

This latter test is analogous to the test set forth by the Second Circuit in Mapp, which requires that a court considering bail for a habeas petitioner "inquire into whether the habeas petition raises substantial claims and whether extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." Mapp, 241 F.3d 230 (internal quotation marks and brackets omitted).  Courts in both the First and Second Circuits have relied on Mapp in considering whether to grant bail to habeas petitioners who were civil immigration detainees at risk due to the COVID-19 pandemic.  See, e.g., Marie Alejandra Celimen Savino, Julio Cesar Medeiros Neves, & all those similarly situated, Petitioners, v. Steven J. Souza, Superintendent of Bristol Cty. House of Corr. in his official capacity, Respondent., No. CV 20-10617-WGY, 2020 WL 1703844, at *9 (D. Mass. Apr. 8, 2020); Jimenez v. Wolf, Civ. A. No. 18-10225-MLW, Memorandum & Order, ECF No. 507 (D. Mass. Mar. 26, 2020) (Wolf, J.); Avendaño Hernandez v. Decker, No. 20-CV-1589 (JPO), 2020 WL 1547459, at *2-4 (S.D.N.Y. Apr. 1, 2020).  The court will be guided by these precedents in construing its authority to order bail for habeas petitioners.

The court will give each petitioner a bail hearing if it finds the petitioner has demonstrated exceptional circumstances and a substantial claim of constitutional error.  At that

hearing, the respondents will have the burden to prove by clear and convincing evidence that petitioner is either a danger to the public or a flight risk.  See Hernandez-Lara v. Immigration & Customs Enf't, Acting Dir., No. 19-CV-394-LM, 2019 WL 3340697, at *7 (D.N.H. July 25, 2019).  If the court grants bail, the court will impose appropriate requirements and safeguards.

## NEXT STEPS

The parties agree that the legal standards set forth above govern the court's resolution of petitioners' bail motion.  Doc. no. 9.  Respondents argue, however, that petitioners have not demonstrated a substantial claim of constitutional error and are therefore ineligible to be released on bail.  Specifically, respondents argue that because SCDOC has taken steps to protect detainees from the spread of COVID-19, and because there have been no positive COVID-19 tests at the facility, petitioners "cannot show deliberate indifference toward their specific, individualized COVID-19-related health concerns."  Doc. no. 28 at 4.

Petitioners allege that the respondents are aware of, and have acknowledged, the safety concern presented by COVID, but have acted with "deliberate indifference" and "reckless disregard" to that risk by failing to facilitate social distancing at SCDOC, mixing civil immigration detainee and

4

general population inmates at SCDOC, and permitting the continued transfer of detainees from other facilities to SCDOC in violation of Petitioners' due process rights.  Doc. no. 5 at ¶73.  Petitioners further allege that defendants "have no legitimate or compelling interest in maintaining or increasing the civil immigration detainee population at SCDOC.  ICE has a myriad of options—other than physical incarceration—to achieve its non-punitive purpose of ensuring Plaintiffs' attendance to immigration court proceedings and compliance with removal and other custodial orders."  Id. at ¶75.

The court will hold an evidentiary hearing on May 1, 2020 at 10 a.m. about SCDOC's efforts to address the COVID-19 pandemic.  No later than 5 p.m. on April 30, 2020, the parties should file a joint statement of undisputed facts.  Each party should also submit any exhibits it plans to reference at the hearing, and a statement of disputed facts supported by record citations where possible, to the court by 5 p.m. on April 30, 2020.  The court will issue rulings on disputed facts as soon as possible after the hearing.  To the extent the court deems individual bail hearings necessary, the court intends to start holding those bail hearings during the week of May 4,

2020, and will ask the parties to work together in grouping, prioritizing, and scheduling these hearings.

    **SO ORDERED.**

_____
Landya McCafferty
United States District Judge

April 27, 2020

cc: Counsel of Record.