NITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Robson Xavier Gomes

     v.                                      Civil No. 20-cv-453-LM

U.S. Department of Homeland
Security, Acting Secretary et al.

# Public Access Findings

## I.    Background

This hearing is taking place during the public health emergency caused by the COVID-19 outbreak. All parties to this proceeding, including the court, are appearing remotely via video. The court's protocols for this hearing are laid out in Standing Order 20-7 (March 23, 2020). I find that conducting this hearing via video—under the unique circumstances presented by the COVID-19 pandemic—is the best way to ensure the safety of the litigants, court personnel, and the public at large. All findings made in the court's prior standing orders are incorporated herein. See Standing Order 20-5 (Mar. 20, 2020).[1]

This suit has been provisionally certified as a class action for the purpose of conducting expedited bail hearings for class members.  The hearing held today will be an individual bail hearing for class member, Marcus Giotto.  Mr. Giotto and

---

[1] All the court's Standing Orders regarding the COVID-19 outbreak can be found here: http://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19 .

counsel for all parties in this class action have consented in advance to conducting this proceeding via video.

Before convening this video hearing, I carefully considered the public's and press's First Amendment rights to in-person access to court proceedings. See Bucci v. United States, 662 F.3d 18, 22 (1st Cir. 2011) (citing Waller v. Georgia, 467 U.S. 39, 48 (1984)). This Order details my findings.

## II.    Partial Rather Than Total Closure

I first find that this video-hearing constitutes a partial, rather than total, closure of these proceedings.   I so find because the goals of public access will still be achieved: this proceeding is not being held in secret and the public, including members of the press, maintains the opportunity to observe this proceeding in real time.  See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593-97 (1980) (Brennan, J., concurring) (discussing the functions of public access to court proceedings, including ensuring that procedural rights are respected and that justice is afforded equally, maintaining public confidence in the administration of justice, promoting accurate fact-finding, and enabling the public to act as a check on judicial power); see also Bucci, 662 F.3d at 22 (discussing benefits of openness in criminal proceedings). Under the extraordinary circumstances presented by the continuing COVID-19 pandemic, the court finds this partial closure is necessary.

## III.    Findings in Support of Necessity for this Partial Closure

### A.    <u>First, the court finds that protecting the health and safety of the public and the parties to this proceeding from the spread of COVID-19 is a substantial interest that would be jeopardized and prejudiced if the court did not impose this partial closure.</u>

Since the first announced case in New Hampshire on March 2, 2020, the state has reported 3,239 confirmed cases of COVID-19.[2]  So far, 142 deaths have been attributed to the disease in this state.  Further, in New Hampshire approximately 3,325 people are being monitored for signs of COVID-19 infection, over 37,216 total tests have been reported (both positive and negative test results), and community-based transmission has been confirmed.[3]  Nationally, the number of confirmed cases has grown to over 1,408,636 with 83,425 cases resulting in death.[4]

Given the contagious nature of the virus and the exponential growth in cases, COVID-19 presents an enormous danger to the health and safety of the public, including the litigants, security and court personnel involved in this proceeding. The court's interest in preventing the spread of COVID-19 and preserving the health of all hearing participants, including the public, is a weighty and substantial

---

[2] New Hampshire Department of Health and Human Services, COVID-19, https://www.nh.gov/covid19/ (last visited 5:50 a.m. May 13, 2020); New Hampshire Public Radio, https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-testing-new-hampshire#stream/0 (last visited 5:50 a.m. May 13, 2020).

[3] New Hampshire Department of Health and Human Services, COVID-19, https://www.nh.gov/covid19/  (last visited 5:50 a.m. May 13, 2020); New Hampshire Public Radio, https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-testing-new-hampshire#stream/0 (last visited 5:50 a.m. May 13, 2020); Real Clear Politics, https://www.realclearpolitics.com/ (last visited 5:50 a.m. May 13, 2020).

[4] Real Clear Politics, https://www.realclearpolitics.com/  (last visited 5:50 a.m. May 13, 2020).

interest that would likely be prejudiced if the court were not to impose this partial

closure. See United States v. Smith, 426 F.3d 567, 572-73 (2d Cir. 2005) (finding

that U.S. Marshal's policy after September 11th of requiring unknown visitors to

court to produce photo identification constituted partial closure of courtroom that

was justified by substantial interest of promoting security and preventing

terrorism).

**B. Second, I find that this partial closure of court proceedings is narrowly-tailored to protect public health and safety and is less restrictive than the court's current in-court hearing protocols.**

Allowing the public to observe these proceedings through videoconference

allows an unlimited number of members of the public to observe the proceedings

while, at the same time, protecting the health of all involved by limiting the

potential exposure of the public, parties, and court staff to COVID-19.

Importantly, I find that, in light of the court's current restrictions on the

number of people permitted in the courtroom, providing public video access is less

restrictive than holding an in-person hearing which only a limited number of people

can attend.  Further, via video, even individuals who would have otherwise been

prohibited from entering the courthouse—for example, people who have tested

positive for COVID-19—now have access (even though virtual) to the proceedings.

See Standing Order 20-9 (Mar. 20, 2020) (prohibiting certain individuals from

entering the courthouse, including people diagnosed with or exposed to someone

diagnosed with COVID-19).  Providing the public access to this proceeding via video

is the least restrictive means of protecting the substantial interest of public health
and safety.  See United States v. Alimehmeti, 284 F. Supp. 3d 477, 490 (S.D.N.Y.
2018) (granting partial closure of courtroom to protect identity of undercover
agents: courtroom was closed to public during undercover agents' testimony but
audio of testimony was live-streamed into different courtroom during partial closure
and transcripts of testimony were made available to public promptly).

C. **Third, I have considered reasonable alternatives to this partial closure**.

On March 26, 2020, I conducted an in-person change of plea hearing in
accordance with the court's protocols.  See Standing Order 20-6 (Mar. 20, 2020).
Nearly everyone in the courtroom was wearing masks and/or gloves, they were
separated by 6 feet, and total numbers did not exceed 10.  There was an over-flow
courtroom with one person watching the hearing—that person was a member of the
prosecution team. There were numerous court security officers and members of the
USMS, as well as court staff in attendance. Even with the court's in-court protocols
and precautions, it was clear to me that the measures could not ensure the safety of
security officers, litigants, and court personnel from potential exposure to the virus.
On balance, the risk of harm to everyone involved in an in-court hearing is too
great—especially when a hearing via video is so readily available.

# Conclusion

In sum, the court finds that in this case a partial closure of court proceedings is necessary in that today's hearing will be conducted by video conference.  This partial closure is justified by the substantial interest of protecting public health and safety from the spread of COVID-19 and is narrowly tailored to protect that interest.  The public maintains the opportunity to observe these proceedings in full by video.

SO ORDERED.

Landya McCafferty
United States District Judge

Date: May 13, 2020

cc:     Counsel of Record.