**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Robson Xavier Gomes

    v.                                                    Civil No. 20-cv-453-LM
                                                                 Opinion No. 2020 DNH 102
US Department of Homeland Security,
Acting Secretary et al.


**O R D E R**


In April 2020, civil immigration detainees being held at
the Strafford County House of Corrections ("SCHOC") filed an
amended "Petition for a Writ of Habeas Corpus Pursuant to 28
U.S.C. 2241 and Class Complaint for Declaratory and Injunctive
Relief."  Doc. no. 5.  Petitioners allege respondents have
violated their constitutional due process rights by acting with
deliberate indifference to their risk of contracting COVID-19 at
SCHOC.  Petitioners seek emergency relief, including release.

The respondents move to dismiss arguing: (1) petitioners
lack Article III standing; (2) petitioners' claims are not
cognizable through a habeas petition; (3) petitioners have
failed to state a plausible constitutional due process claim;
and, (4) petitioner's amended petition fails to put respondents
on notice of their claimed transgressions and so should be
dismissed or amended pursuant to Rule 8 of the Federal Rules of

Civil Procedure.  Doc. no. 128.  The court addresses each

argument below.[1]

**DISCUSSION**

1. <u>Article III Standing</u>

To satisfy constitutional standing in federal court a

petitioner must have "(1) suffered an injury in fact, (2) that

is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial

decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547,

(2016), <u>as revised</u> (May 24, 2016).  Respondents argue that

petitioners have not suffered an injury in fact because their

"assertion that detention per se poses an increased risk of

health complications or death from COVID-19 is purely

speculative."  Doc. no. 128 at 13.  Respondents further contend

that any injury is not fairly traceable to respondents because

---

[1] The court has already issued several orders in this case.
A couple are relevant here.  First, the court has concluded that
detainees with medical conditions that place them at higher risk
of death or serious injury from COVID-19 are likely to prevail
on their due process claims (doc. nos. 52 and 123).  The court
has also provisionally certified civil immigration detainees at
SCHOC as a class for the purpose of facilitating bail hearings
(doc. no. 50).  As of June 15, 2020, the court has conducted
fifteen bail hearings for high-risk detainees and has released
ten detainees on conditions.  A more detailed recitation of the
relevant facts and procedural history in this case is available
in the court's May 14, 2020 order (doc. no. 123).

the risk of injury from COVID-19 is due to the pandemic itself, and to any pre-existing conditions a detainee may have, but not to the respondents.

The court has no trouble finding that petitioners have standing.  As the Supreme Court observed in Helling v. McKinney, 509 U.S. 25, 33 (1993), "it would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."  COVID-19 has moved rapidly and expansively through the country and its detention facilities.  SCHOC has not escaped the pandemic: a member of SCHOC's medical administration staff and two provisional class members have tested positive for COVID-19 since petitioners filed the amended petition.  Because "[a] remedy for unsafe conditions need not await a tragic event," id., this court joins numerous others in rejecting respondents' standing arguments.  See, e.g., Fraihat v. U.S. Immigration & Customs Enf't, No. EDCV191546JGBSHKX, 2020 WL 1932570, at *21 (C.D. Cal. Apr. 20, 2020); Savino v. Souza, No. CV 20-10617-WGY, 2020 WL 1703844, at *4 (D. Mass. Apr. 8, 2020); Coreas v. Bounds, No. CV TDC-20-0780, 2020 WL 1663133, at *6 (D. Md. Apr. 3, 2020); Thakker v. Doll, No. 1:20-CV-480, 2020 WL 1671563, at *2 (M.D. Pa. Mar. 31, 2020) (finding standing challenge "easily resolved").  Indeed, respondents have not

identified a single case in which a court has determined that
Immigration and Customs Enforcement ("ICE") detainees lack
standing to bring a due process claim based on the risks
presented by COVID-19.  Thus, the request to dismiss the
petition for lack of standing is denied.


    2. <u>Cognizability of Petitioners' Claims Through a Habeas
       Petition</u>

Respondents next argue that petitioners' claim is not
cognizable through a 28 U.S.C § 2241 habeas petition.
Respondents assert that petitioners "do not challenge the
authority of the government per se to detain them" but instead
"challenge the conditions under which they are being confined
only in the unique circumstances of the current pandemic."  Doc.
no. 128-1 at 15.  In support, respondents rely on decisions from
outside the First Circuit, including an opinion from the
District of Colorado concluding the court lacked jurisdiction
over an ICE detainee's habeas claim seeking release based on the
conditions of his confinement during the COVID-19 pandemic
because "a prisoner who challenges the conditions of his
confinement must do so through a civil rights action."  <u>Basri v.
Barr</u>, No. 1:20-cv-00940-DDD, slip op. at 3-11 (D. Colo. May 11,
2020) (internal quotation marks omitted); <u>see also</u> <u>Toure v.
Hott</u>, No. 1:20-CV-395, 2020 WL 2092639, at *5-6 (E.D. Va. Apr.

4

29, 2020) (concluding § 2241 is an "improper vehicle" for conditions of confinement claims in the Fourth Circuit, but observing that the First Circuit allows these same claims to be brought through habeas petitions).

In Preiser v. Rodriguez, the United States Supreme Court held that where a prisoner "challeng[es] the very fact or duration of his physical imprisonment," his claim falls within the "heart" or "core" of habeas corpus, and may be brought in federal court only by means of a petition for the writ of habeas corpus. 411 U.S. 475, 500 (1973). The Court reasoned that allowing state prisoners to bring these claims under the federal civil rights statute, 42 U.S.C. § 1983, would evade the exhaustion and other procedural requirements established for state habeas cases in the federal courts. Id. at 489–90. But the Court did not hold the converse to be true: that district courts lacked jurisdiction over habeas claims that fell outside the "heart" of habeas corpus. To the contrary, the Court explicitly cautioned: "This is not to say that habeas corpus may not also be available to challenge such prison conditions." Id. at 499. The Court further noted: "When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove

the restraints making the custody illegal." Id. (citation omitted).

Since Preiser, the Supreme Court has expressly declined to rule on whether detainees may bring claims challenging the conditions of their confinement through a writ of habeas corpus. For example, in Bell v. Wolfish, the Court left "to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself." 441 U.S. 520, 527 n. 6 (1979). More recently, the Supreme Court stated that it has "left open the question whether [prisoners] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus." Ziglar v. Abbasi, --- U.S. ----, 137 S. Ct. 1843, 1862-63 (2017).

In the absence of clear guidance, circuit courts have split on the extent to which habeas provides a mechanism for asserting challenges to conditions of confinement. Wilborn v. Mansukhani, 795 F. App'x 157, 163 (4th Cir. 2019) (listing cases). And the D.C. Circuit has observed that other circuits that have relied on Preiser to limit claims that can be brought in habeas may have fundamentally misunderstood the case. Aamer v. Obama, 742 F.3d 1023, 1036 (D.C. Cir. 2014). As the D.C. Circuit explained: "Preiser imposed a habeas-channeling rule, not a

habeas-<u>limiting</u> rule: the Court held only that claims lying at the 'core' of the writ must be brought in habeas, and expressly disclaimed any intention of restricting habeas itself." <u>Id.</u>

Against this backdrop, the First Circuit has observed that <u>Preiser</u> "explicitly left open the possibility that a challenge to prison conditions, cognizable under § 1983, might also be brought as a habeas corpus claim" and that claims "involving challenges to the fact or length of confinement" may proceed as habeas claims. <u>Brennan v. Cunningham</u>, 813 F.2d 1, 4 (1st Cir. 1987). The First Circuit has also observed that "Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement," <u>Miller v. United States</u>, 564 F.2d 103, 105 (1st Cir. 1977), and "[i]f the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available." <u>United States v. DeLeon</u>, 444 F.3d 41, 59 (1st Cir. 2006).[2]

Here, petitioners have asked the court to "Issue a Writ of Habeas Corpus . . . and order their immediate release or placement in community-based alternatives to detention such as

---

[2] <u>But compare</u> <u>Aamer</u>, 742 F.3d at 1036 (relying on <u>DeLeon</u> for the proposition that the First Circuit has concluded that an "individual in custody may utilize habeas corpus to challenge the conditions under which he is held"), <u>with</u> <u>Spencer v. Haynes</u>, 774 F.3d 467, 470 (8th Cir. 2014) (characterizing <u>DeLeon</u> as only "contributing dictum" to the view that conditions of confinement claims can be brought by a writ of habeas corpus).

conditional release, with appropriate public health measures."
Doc. no. 5 at 28.  In Gonzalez-Fuentes v. Molina, the First
Circuit considered a somewhat analogous situation: whether
inmates could bring a habeas claim seeking release from prison
to home confinement and electronic supervision.  607 F.3d 864,
873 (1st Cir. 2010).  The court characterized the question as a
"difficult intermediate case" because the inmates were "seeking
neither a change in conditions nor an earlier release, but
rather a less restrictive form of custody."  Id.  Relying on an
opinion of the Seventh Circuit, the court held that "habeas
corpus is [the] remedy" for a prisoner seeking what "can fairly
be described as a quantum change in the level of custody" such
as "'outright freedom'" or "'freedom subject to the limited
reporting and financial constraints of bond or parole or
probation.'"  Id. (quoting Graham v. Broglin, 922 F.2d 379, 381
(7th Cir. 1991) and citing Wilkinson v. Dotson, 544 U.S. 74, 86
(2005) (Scalia, J., concurring) (approving of "quantum change"
framework)).  Applying this framework, the First Circuit
reasoned that because individuals released to the electronic
supervision program could "live with family members, work daily
jobs, attend church, and reside in their own homes rather than
in an institutional setting," the difference between release and
incarceration could "fairly be described as a quantum change in

the level of custody." Id.  The First Circuit concluded the
inmates' claim in Molina was "correctly considered in habeas
corpus." Id.[3]

Here, as in Molina, petitioners seek a quantum change in
the level of their custody; they request "immediate release or
placement in community-based alternatives to detention." Doc.
no. 5 at 28.  On this basis, therefore, the court concludes that
petitioners' claim may properly be brought by a petition for a
writ of habeas corpus. See Molina, 607 F.3d at 873-74.  In so
holding, the court is in accord with numerous other courts both
in the First Circuit and around the country. See, e.g., Baez v.
Moniz, No. CV 20-10753-LTS, 2020 WL 2527865, at *2 (D. Mass. May
18, 2020) (concluding pretrial detainees' claims seeking release
due to risk of COVID-19 "sound in habeas" and the court had
jurisdiction to consider them under § 2241); Vazquez Barrera v.
Wolf, No. 4:20-CV-1241, 2020 WL 1904497, at *4 (S.D. Tex. Apr.
17, 2020); Coreas v. Bounds, No. CV TDC-20-0780, 2020 WL
1663133, at *6 (D. Md. Apr. 3, 2020); see also Wilson v.
Williams, No. 20-3447, 2020 WL 3056217, at *5, (6th Cir. June 9,

---

[3] Respondents' motion to dismiss does not rely upon any
First Circuit cases in urging the court to dismiss petitioners'
claims for lack of jurisdiction and does not analyze the effect
of any of the First Circuit cases cited in this portion of the
court's analysis.

2020) (court had jurisdiction over § 2241 petition in which
subclass of medically vulnerable inmates sought release due to
the risk of COVID-19).[4]  For these reasons, respondents' request
to dismiss this action as an improper habeas petition is denied.

   3. <u>Sufficiency of Due Process Constitutional Claim</u>

   Respondents next argue the petition should be dismissed
because petitioners have failed to state a constitutional due
process claim.  In making this argument, respondents fail to
acknowledge that the court has already concluded that at least
some petitioners (at minimum, those with a medical condition
that puts them at higher risk of death or injury from COVID-19)
have demonstrated a likelihood of success on their due process
constitutional claim.  <u>See</u> doc. no. 123 at 42-43.

   To the extent that a Rule 12(b)(6) motion to dismiss for
failure to state a claim may be filed in the context of a § 2241
petition,[5] the threshold for surviving such a motion is low.  The

---

   [4] The court also observes that petitioners have styled their
action as both a habeas petition and a complaint seeking
declaratory and injunctive relief.  Doc. no. 5.  Therefore,
petitioners may have a cause of action for equitable relief
"wholly apart from habeas."  Savino v. Souza, No. CV 20-10617-
WGY, 2020 WL 2404923, at *3 (D. Mass. May 12, 2020).

   [5] See, e.g., Delgado v. Dennehy, 503 F. Supp. 2d 411, 413
(D. Mass. 2007) ("Motions to dismiss habeas petitions pursuant
to [Rule] 12(b)(6) are not inconsistent with habeas rules.");
see also Rasheed v. Duval, 57 F.3d 1061, 1995 WL 365994, at *1
(1st Cir. 1995) (in granting respondent's Rule 12(b)(6) motion

court must accept factual allegations in the complaint as true, draw reasonable inferences from those facts in the petitioners' favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As the court has already concluded that at least some petitioners are likely to succeed on the merits of their claim, it easily concludes that petitioners' due process claim is facially plausible.

### 4. Rule 8

Respondents final attempt at dismissal appears in their reply. Respondents argue that the court should dismiss

---

to dismiss court could consider exhibits attached to petition). But see Banister v. Davis, No. 18-6943, 2020 WL 2814300, at *12 (U.S. June 1, 2020) (a "civil mainstay, the Rule 12(b)(6) motion to dismiss, . . . has no place in habeas" (Alito, J., dissenting) (citing Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257, 269 n.14 (1978).

petitioners' amended petition, or require petitioners to file a
second amended pleading, because the amended petition lacks
sufficient factual allegations and does not account for
"substantial reforms" that respondents have taken since the
petition was filed.  Doc. no. 191 at 9-10.  Respondents assert
that the amended petition "does not notify respondents of how,
specifically, respondents have been either deliberately
indifferent or objectively unreasonable"; therefore, it does not
comply with Rule 8 of the Federal Rules of Civil Procedure.  Id.
at 10.

Rule 8 applies here to the extent that it is not
inconsistent with the requirements of Rule 2 of the Rules
Governing § 2254 Cases ("§ 2254 rules").  See DeAtley v.
Williams, 782 F. App'x 736, 737 n.3 (10th Cir. 2019), cert.
denied, No. 19-7915, 2020 WL 2515817 (U.S. May 18, 2020); see
also § 2254 Rule 1 (the district court may apply § 2254 rules to
petitions filed under § 2241).  Rule 2 of the § 2254 rules
requires, in pertinent part, that habeas petitions must specify
all of the grounds for relief, state the facts supporting each
ground, and state the relief requested.  "A prime purpose of
Rule 2(c)'s demand that habeas petitioners plead with
particularity is to assist the district court in determining on
the face of the petition whether the State should be ordered to

"'show cause why the writ should not be granted,'" or whether the petition should be summarily dismissed without the court ordering a responsive pleading. Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

Pursuant to Federal Rule of Civil Procedure 8(a)(2), the complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015); see also Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006).

Dismissal for noncompliance with Rule 8 is typically "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Sayied v. White, 89 F. App'x 284, 2004 WL 489060, at *1 (1st Cir. 2004) (internal quotation marks omitted). "In evaluating whether a pleading meets Rule 8's short and plain statement requirement, the court should consider the nature of the action, the relief sought and a number of other pragmatic matters." Currier v. Town of

Gilmanton, No. 18-CV-1204-LM, 2020 WL 1923357, at *1 (D.N.H. Apr. 21, 2020) (internal quotation marks omitted).

Here, although it is true that the facts have developed since petitioners filed their amended petition on April 17, the amended petition is far from confused, vague, or unintelligible. See Sayied, 2004 WL 489060, at *1.  On the contrary, the amended petition alleges that specific actions—for example, respondents' "failure or inability to facilitate social distancing at [SCHOC]," the mixing of civil immigration detainees with general population inmates at SCHOC, and the transfer of detainees from other facilities to SCHOC—violate petitioners' due process rights.  Doc. no. 5 at ¶ 73.  Respondents' litigation of this case over the last two months, combined with respondents' discussion of petitioners' constitutional arguments in their motion to dismiss, demonstrates that respondents have fair notice of petitioners' claims.  See Belanger, 307 F.R.D. at 57.

This court has already determined from reviewing the face of the amended petition that summary dismissal was not appropriate and directed respondents to file an answer.  See Apr. 20, 2020 Endorsed Order.  The matters asserted in respondents' motion to dismiss do not demonstrate that the court erred in that regard.  The court has no trouble concluding that the amended petition satisfies all pertinent pleading

requirements.  For these reasons, the request to dismiss the petition for violating Rule 8 is denied.

### CONCLUSION

For the foregoing reasons, respondents' motion to dismiss (doc. no. 128) is denied.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

June 16, 2020

cc: Counsel of Record.