UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robson Xavier Gomes

      v.

US Department of Homeland Security,
Acting Secretary, et al.

Civil No. 20-cv-453-LM
Opinion No. 2020 DNH 168 P


O R D E R

Before the court is respondents' motion, doc. no. 234, seeking partial

reconsideration[1] of the court's order issued June 16, 2020, doc. no. 204, denying

their motion to dismiss, doc. no. 128. Citing the United States Supreme Court's

recent opinion in Department of Homeland Security v. Thuraissigiam, 140 S. Ct.

1959 (2020), issued on June 25, respondents seek reconsideration of this court's

conclusion that petitioners' conditions-of-confinement claims may be brought in a 28

U.S.C. § 2241 habeas petition. For the reasons discussed below, respondents' motion

is denied.


I.      Standard of Review

A party moving for reconsideration of an order must "demonstrate that the

order was based on a manifest error of fact or law."  LR 7.2(d). "[M]otions for

---

[1] Although the respondents' motion is styled simply as a "Motion for
Reconsideration" of the court's June 16 order, they argue only that the court should
reconsider a portion of that order, specifically the court's conclusion that petitioners'
claims were cognizable in a habeas petition.

reconsideration are appropriate only in a limited number of circumstances: if the

moving party presents newly discovered evidence, if there has been an intervening

change in the law, or if the movant can demonstrate that the original decision was

based on a manifest error or law or was clearly unjust." Dionne v. Fed. Nat'l Mortg.

Ass'n, 110 F. Supp. 3d 338, 341 (D.N.H. 2015)) (quoting United States v. Allen, 573

F.3d 42, 53 (1st Cir. 2009)).


II.     Discussion

        A.      *Thuraissigiam*'s Suspension Clause Analysis Sheds Little Light on
                Whether Conditions of Confinement Claims May be Brought in Habeas
                Petitions

        Respondents argue that the United States Supreme Court's recent opinion in

Thuraissigiam limits the relief available in habeas actions to "simple release."

Because petitioners do not seek "simple release," but rather conditional release

premised upon the continued threat of COVID-19, respondents contend petitioners

have not stated cognizable habeas claims.

        Thuraissigiam is inapposite. There, a Sri Lankan national apprehended at

the United States-Mexico border filed a habeas petition following an asylum officer's

determination that he lacked a credible fear of persecution and was thus ineligible

for asylum or other removal relief. See Thuraissigiam, 140 S. Ct. at 1967-68. His

habeas petition sought judicial review of the officer's credible fear determination

and sought "a writ of habeas corpus . . . directing [the Department] to provide [him]

a new opportunity to apply for asylum." Id. at 1968. The District Court dismissed

his petition, holding that 8 U.S.C. § 1252(e)(2) foreclosed habeas review of the

asylum eligibility determination itself. See id.; 8 U.S.C. § 1252(e)(2) (limiting

habeas challenges to asylum eligibility determinations to review of (1) whether the

petitioner is actually an alien, (2) whether the petitioner was, in fact, ordered to be

removed, and (3) whether the petitioner has already been granted entry as a lawful

permanent resident, refugee, or asylee). The District Court also concluded that

§ 1252(e)(2)'s limitation on the scope of habeas actions did not violate the

Suspension Clause of the United States Constitution. See Thuraissigiam, 140 S. Ct.

at 1968; see also U.S. Const. art. I, § 9, cl. 2. Although the Ninth Circuit reversed,

the Supreme Court ultimately agreed with the District Court.

In determining whether § 1252(e)(2) violated the Suspension Clause, the

Supreme Court looked to the scope of the writ of habeas corpus "as it existed in

1789," explaining that the Clause, "at a minimum," protects the writ as it existed at

the time of the Constitution's founding. Thuraissigiam, 140 S. Ct. at 1969; see id. at

1969-74. The Court held that § 1252(e)(2) did not violate the Suspension Clause as

applied to Thuraissigiam because there was no historical evidence that the type of

relief he sought—an order to provide a foreign citizen with additional

administrative review of his or her eligibility to remain in the country—was

understood to be available in habeas actions in 1789. See id. at 1969.

Thuraissigiam has little applicability to the instant case. Section 1252(e)(2)

does not apply;[2] petitioners are not seeking review of asylum eligibility

determinations. Nor is the Supreme Court's Suspension Clause analysis

particularly relevant in analyzing whether conditions-of-confinement claims may be

brought in § 2241 petitions. The Court's Suspension Clause analysis concerns the

scope of the common law habeas writ at the time of the Constitution's founding,

whereas this case concerns the scope of habeas relief available pursuant to 28

U.S.C. § 2241.

Even if Thuraissigiam's Suspension Clause analysis were relevant, that

analysis supports, rather than undermines, this court's conclusion that conditions-

of-confinement claims are cognizable in § 2241 petitions. The Supreme Court's

analysis primarily looked to the type of relief sought as the touchstone for

determining whether a habeas petition would have been cognizable at common law

in 1789. See id. at 1971-72. As the Court noted, "habeas was used to seek release

from detention in a variety of circumstances," and the unifying feature of those

varied petitions was the relief sought: "release from restraint." Id. at 1971; see also

id. at 1972 (noting historical evidence that "habeas petitioners were sometimes

released on the condition that they conform to certain requirements"; distinguishing

Thuraissigiam's petition because "[w]hat he wants—further review of his asylum

claim—is not" conditional release). Here, petitioners, who are civil immigration

---

[2] Respondents seem to concede as much in their memorandum. See doc. no.
234-1 at 3.

detainees, seek release from confinement—conditional or otherwise. Unlike the

habeas petitioner in Thuraissigiam, they are not using habeas to obtain further

review of their eligibility for removal. Thus, if anything, Thuraissigiam's focus on

the relief sought, rather than the claims brought, in determining the historical

cognizability of habeas petitions supports the conclusion that petitioners'

conditions-of-confinement claims may be brought in a habeas petition.

For these reasons, Thuraissigiam does not require this court to reconsider its

June 16 order denying respondents' motion to dismiss. See Dionne, 110 F. Supp. 3d

at 341; LR 7.2(d).


B.      Respondents' Remaining Arguments Largely Rehash their Motion to
        Dismiss and do not Otherwise Demonstrate Manifest Legal Error

Respondents also contend that reconsideration is warranted because the

"habeas petition . . . challenges the conditions of [petitioners'] confinement" rather

than the fact of their confinement. Doc. no. 234-1 at 7. This is the same argument

that the court considered and rejected in its June 16 order and warrants no further

consideration. See Peterson v. Wrenn, No. 14-CV-432-LM, 2017 WL 1743598, at *1

(D.N.H. May 4, 2017) ("A motion for reconsideration is not a mechanism to

regurgitate old arguments previously considered and rejected." (internal quotation

marks omitted)).

Respondents further contend that the court erred in concluding that

petitioners could seek, and are seeking, a "quantum change" in their level of custody

in a habeas petition under First Circuit precedent. See Gonzalez-Fuentes v. Molina,

607 F.3d 864, 873 (1st Cir. 2010). As noted in the court's June 16 order, however, respondents failed to cite to any First Circuit opinions in arguing that habeas was an improper vehicle for petitioners' claims. See id.; United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006); Brennan v. Cunningham, 813 F.2d 1, 4 (1st Cir. 1987); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977). A motion to reconsider cannot be used to advance "arguments that could and should have been presented earlier." Peterson, 2017 WL 1743598, at *1 (internal quotation marks omitted). There appears to be no reason why respondents could not have presented argument on First Circuit case law at the time they filed their motion to dismiss. Nevertheless, even assuming respondents may properly raise the argument now, they have not demonstrated that the court's conclusion that petitioners are permissibly seeking a "quantum change" in their level of custody is "based on manifest error of law or was clearly unjust." Dionne, 110 F. Supp. 3d at 341. The court thus declines to reconsider its order on these grounds.

Respondents' final argument takes issue with the court's observation that the petitioners may have an equitable cause of action distinct from habeas. Respondents have failed to demonstrate that this observation was "based on manifest error of law or was clearly unjust." Id. see Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1231-33 (10th Cir. 2005) (discussing judiciary's inherent authority to entertain actions seeking to enjoin constitutional violations); Savino v. Souza, No. CV 20-10617-WGY, 2020 WL 2404923, at *3 (D. Mass. May 12, 2020). As such, the court declines to reconsider its June 16 order on these grounds.

6

In summary, respondents misapply <u>Thuraissigiam</u> to this case and have

otherwise failed to demonstrate that reconsideration is warranted. Their motion for

reconsideration is therefore denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 28, 2020

cc:  Counsel of Record