UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robson Xavier Gomes

    v.                                                                                               Civil No. 20-cv-453-LM
                                                                                                   Opinion No. 2021 DNH 009 P

U.S. Department of Homeland
Security, Acting Secretary, et al.

**O R D E R**

This is a habeas action brought by civil immigration detainees being held by Immigration and Customs Enforcement ("ICE") at the Strafford County House of Corrections ("SCHOC"). Petitioners allege that respondents are violating their due process rights by acting with deliberate indifference to the risk that they will contract COVID-19 at SCHOC. Presently before the court is petitioners' motion for discovery (doc. no. 244). The court grants petitioners' motion as outlined below.

**DISCUSSION**

Unlike other civil litigants, habeas petitioners are not entitled to discovery as a matter of course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997); Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007). Rather, Rule 6 of the "Rules Governing Section 2254 Cases" (hereinafter "Habeas Rules") provides that the court may authorize discovery if: (a) "good cause" exists; and (b) the discovery request is sufficiently specific. Habeas Rule 6(a)-(b). Assuming discovery is warranted under Habeas

Rule 6, the precise scope and extent of discovery is a matter committed to the district court's sound discretion. See Bracy, 520 U.S. at 909.

I. <u>Applicability of Habeas Rule 6</u>

Before discussing the requirements of Habeas Rule 6 and whether petitioners have satisfied them, the court notes a threshold issue on the applicability of the Rule to this case. Habeas Rule 6 only expressly applies to petitions brought under § 2254. This habeas petition is brought under § 2241. <u>See</u> doc. no. 5 (petition). However, Habeas Rule 1(b) gives the court discretion to apply "any or all" of the rules governing § 2254 petitions to other petitions. Habeas Rule 1(b); <u>see also</u> Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (explaining that Habeas Rule 1 "provides that courts, in their discretion, may apply the rules to habeas petitions . . . arising under § 2241"). The parties frame this discovery dispute as though Habeas Rule 6 provides the governing legal standard. For these reasons, the court will consider the requirements of Habeas Rule 6 as it resolves petitioners' motion and, in the court's discretion, will apply the Rule as appropriate.

II. <u>Good Cause</u>

As noted, in order to obtain discovery, a habeas petitioner must demonstrate good cause. A petitioner demonstrates good cause by making "specific allegations that give a court 'reason to believe that the petitioner may, if the facts [underlying his claims] are fully developed, be able to demonstrate that he is . . . entitled to

2

relief." Teti, 507 F.3d at 60 (quoting Bracy, 520 U.S. at 908-09). "[I]f the petitioner's allegations 'are not implausible, and . . . could, if true, entitle him to relief,' the court must permit discovery." United States v. Djokich, Cr. No. 08-10346-MLW, 2016 WL 927145, at *3 (D. Mass. Mar. 7, 2016) (quoting United States v. Sampson, 820 F. Supp. 2d 202, 213 (D. Mass. 2011)); cf. Donald v. Spencer, 656 F.3d 14, 18 (1st Cir. 2011) (speculative and unsupported allegations that DNA testing might exonerate petitioner failed to demonstrate good cause for discovery regarding DNA testing); Biron v. United States, No. 16-cv-108-PB, 2017 WL 4402394, at *8 (D.N.H. Oct. 2, 2017) (petitioner failed to demonstrate good cause to depose trial counsel on ineffective assistance of counsel claim because there was no evidence of prejudice and petitioner "failed to demonstrate how deposing [trial counsel] could possibly uncover the prejudice not now apparent"). In addition, the discovery sought must be "reasonably calculated to bear on" the petitioner's claims. Lunn v. Smith, No. 17-cv-10938-IT, 2018 WL 2849759, at *1 (D. Mass. Jan. 22, 2018) (immigration detainee demonstrated good cause for discovery on claim for release pending deportation because the discovery sought—information about his country of origin's repatriation policies—was "reasonably calculated to bear on [his] entitlement to" release); see also Djokich, 2016 WL 927145, at *3 (discovery sought must be likely to "help establish a claim for relief").

Here, petitioners have demonstrated good cause for discovery. Petitioners' primary claim for relief is that respondents have violated their due process rights by acting with deliberate indifference to the risk posed to them by COVID-19 at

3

SCHOC.  The petitioners allege that respondents have unreasonably failed to protect them from COVID-19.  The court has previously determined in its May 14, 2020 order granting bail hearings to high-risk detainees that such detainees are likely to prevail on the merits of their due process claim.  Doc. no. 132.  The court based this determination in part on factual findings made after an evidentiary hearing.  Thus, there is reason to believe that, if the facts underlying petitioners' due process claim are fully developed, they will be able to demonstrate entitlement to relief on that claim.

In addition, the discovery sought is reasonably calculated to bear on petitioners' due process claim and the outstanding class certification issue.[1]  Petitioners seek to propound interrogatories, requests for admission, and document production requests on respondents.  See doc. no. 244-2 at 5-6; doc. no. 298-1.  In addition, petitioners seek to take five depositions.  See doc. no. 244-2 at 6.  Petitioners state they will limit the scope of their discovery requests to the following specified subject areas:

> [T]he size of the proposed class and the identities of the class members; Respondents' policies and procedures implemented in response to the COVID-19 pandemic; Respondents' records and communications relating to the COVID-19 pandemic and the Strafford County Department of Corrections ("SCDOC"); Respondents' efforts to identify, provide protection to, and reassess custodial status of medically-vulnerable civil immigration detainees at SCDOC; records and communications relating to ICE Health Services Corps' assessments of conditions at SCDOC; records and communications relating to the collection and transfer of medical records for civil immigration

---

[1] Petitioners filed a motion for class certification that remains pending.  Doc. no. 14.  The court has provisionally certified the proposed class for the purpose of conducting bail hearings.  Doc. no. 50.

4

detainees transferred either to or from the SCDOC by Immigration and Customs Enforcement; Respondents' efforts to protect medically-vulnerable civil immigration detainees who have been denied bail from the novel coronavirus at SCDOC; the availability and usage of novel coronavirus tests at the SCDOC; Respondents' efforts and ability to compel or facilitate testing of SCDOC staff; the ability to engage in six feet of social distancing at SCDOC (including schematics or architectural drawings of the housing units at SCDOC where civil immigration detainees are held); records and communications relating to the efficacy of equipment which may be used to create negative pressure cells or units at SCDOC; and disciplinary records of any SCDOC staff or person incarcerated at SCDOC due to violations of COVID-19 precautionary measures instituted at SCDOC since March 2020.

Doc. no. 244-2 at 5.

With one exception, all of these subjects bear on the reasonableness of the actions taken by respondents to protect petitioners from COVID-19.[2] For example, SCHOC's COVID-19 policies and procedures are relevant to determine whether respondents instituted reasonable measures to prevent and reduce the spread of COVID-19 at SCHOC. See Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64, 74 (1st Cir. 2016) (noting that "there is no deliberate indifference if [the] official responds reasonably to the risk"). For the same reason, information regarding the extent to which SCHOC enforces its COVID-19 policies by disciplining employees or prisoners who disregard them is relevant to petitioners' due process deliberate indifference

---

[2] The exception pertains to information regarding the size of the proposed class and information on the identities of the proposed class members. Given that the information regarding the size and identity of the proposed class is reasonably calculated to bear on the certification issue, there is good cause for discovery as to this information.

claim. See id. In short, the discovery sought is reasonably calculated to bear on petitioners' claims.

Thus, because petitioners have already demonstrated a likelihood of success on the merits of their due process claim, and because the discovery sought is reasonably calculated to bear on that claim, the court concludes that petitioners have demonstrated good cause for discovery.

III. Specificity Requirements

In addition to the good cause requirement, Habeas Rule 6 requires that discovery requests must (1) "provide reasons for the request"; (2) "include any proposed interrogatories and requests for admission"; and (3) "specify any requested documents." Habeas Rule 6(b). The purpose of these specificity requirements is to "advise the judge of the necessity for discovery and enable [her] to make certain that the inquiry is relevant and appropriately narrow." Habeas Rule 6(b) (advisory committee notes); see Baez v. Moniz, Civ. No. 10753-LTS, at *1-2 (D. Mass. July 10, 2020) (denying without prejudice petitioners' request for discovery regarding "nine broad subject areas" because, in part, the request did not identify the information sought "with sufficient specificity) (doc. no. 282-4).

Here, petitioners have complied with these requirements to the extent necessary. First, petitioners have "provide[d] reasons for the request." Habeas Rule 6(b). Specifically, they contend that discovery is necessary given the evolving and fluid circumstances at SCHOC with respect to COVID-19. As the recent

6

outbreak at SCHOC makes clear, the situation on the ground is ever-changing and SCHOC has had to quickly adapt. Thus, petitioners have complied with Habeas rule 6(b) in this respect.

In addition, petitioners have submitted their proposed document requests to the court. See doc. nos. 298 at 2; 298-1. The scope of their document requests is in line with the proposed subject areas in petitioners' discovery plan. Thus, petitioners have complied with Habeas Rule 6(b) in this respect as well.

Respondents fault petitioners for failing to submit their list of proposed deponents to the court in advance. However, Habeas Rule 6(b) does not require that petitioners obtain preapproval of the identities of the persons they seek to depose. The rule is simply silent as to that issue. Here, petitioners state in their reply that they will likely seek to depose SCHOC Superintendent Christopher Brackett, SCHOC Medical Administrator Tracy Warren, two 30(b)(6) designees for ICE, and any expert retained by respondents. Doc. no. 298 at 2 n.1; see Fed. R. Civ. P. 30(b)(6). So long as any depositions of these witnesses are limited to the subject areas specified in petitioners' discovery plan (doc. no. 244-1 at 4), the court sees no grounds for denying petitioners access to this discovery mechanism.³ See Djokich, 2016 WL 927145, at *3 ("Where good cause for discovery exists, 'it is the duty of the

---

³ However, the court is sensitive to the time constraints facing Superintendent Brackett and Medical Administrator Warren as they steer SCHOC through a once-in-a-lifetime global pandemic. The court thus declines to order that petitioners may conduct seven-hour depositions of these two witnesses. See Bracy, 520 U.S. at 909 (scope of discovery is confided to district court's sound discretion). Petitioners may instead conduct depositions lasting no longer than 2 hours of Superintendent Brackett and Medical Administrator Warren.

court to provide the necessary facilities and procedures for an adequate inquiry.'" (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969))).

Respondents also argue that petitioners have failed to comply with Habeas Rule 6(b) because they have not submitted their proposed interrogatories or requests for admission to the court.  Respondents are correct that Habeas Rule 6(b) requires the submission of these materials to the court in advance.  See Habeas Rule 6(b).  However, the court excuses petitioners from complying with this technical requirement.

Although the Habeas Rules do not, by their own terms, apply to petitions brought under § 2241, Habeas Rule 1(b) makes clear that a district court, in the exercise of sound discretion, may apply "any or all" of the Habeas Rules to such petitions.  Given that the court need not apply Habeas Rule 6 to this action in the first instance, it seems clear that the court could exercise its discretion to waive 6(b)'s requirement that petitioners obtain preapproval of all interrogatories and requests for admission.  See Habeas Rule 1(b); Bracy, 520 U.S. at 909.

In addition, the advisory committee notes to Habeas Rule 6 explain that the purpose of the specificity requirements is "to advise the judge of the necessity for discovery and enable [her] to make certain that the inquiry is relevant and appropriately narrow."  Habeas Rule 6 (advisory committee notes).  Here, the court has already determined that the subject areas in which the petitioners seek discovery are relevant and tailored to petitioners' due process claim and the certification issue.  Thus, so long as petitioners' interrogatories and requests for

8

admission are limited to these subject areas, the purpose which Habeas Rule 6(b) serves has been met. See Djokich, 2016 WL 927145, at *3 (concluding that petitioner complied with Habeas Rule 6(b) because he "provided reasons for his requests and . . . described, with specificity, the information he seeks").

Finally, the court notes that this case is a far cry from a run-of-the-mill § 2254 habeas petition. Ordinarily, § 2254 petitions are brought by persons challenging a state court criminal conviction. Such persons have usually stood trial in state court, and have had the benefit of discovery in advance of their trial. Here, petitioners have had no opportunity (outside of the early evidentiary hearings) for discovery in this case. Thus, there are sound reasons not to mechanically apply technical rules restricting discovery in § 2254 actions to this action, especially where the purpose underlying those rules has been met.

In short, the court concludes that petitioners have complied with Habeas Rule 6(b)'s specificity requirements to the extent necessary.

## CONCLUSION

For the foregoing reasons, petitioners' motion for discovery (doc. no. 244) is granted as follows:

1. Petitioners may propound their request for the production of documents (doc. no. 298-1) upon respondents.

2. Petitioners may seek to depose the persons specified in their reply (doc. no. 298). Any such depositions shall be limited to the subject areas specified in

petitioners' proposed discovery plan (doc. no. 244-2 at 5). Any depositions of Superintendent Brackett or Medical Administrator Warren shall be limited to two hours. Other depositions shall be limited to five hours.

3. Petitioners may propound a maximum of ten interrogatories and fifteen requests for admission upon respondents. Any interrogatories or requests for admission shall be limited to the subject areas specified in petitioners' proposed discovery plan (doc. no. 244-2 at 5).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 15, 2021

cc: Counsel of Record