UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robson Xavier Gomes

    v.                                                        Civil No. 20-cv-453-LM
                                                                       Opinion No. 2021 DNH 046 P

Acting Secretary, U.S.
Department of Homeland
Security, et al.

**O R D E R**

Robson Xavier Gomes[1] brings this habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner Gomes seek declaratory and injunctive relief on behalf of himself and a putative class of civil immigration detainees housed by Immigration and Customs Enforcement ("ICE") at the Strafford County House of Corrections ("SCHOC").[2] Petitioner claims that, by creating or allowing policies and practices at SCHOC that put civil immigration detainees' health at substantial risk of harm from COVID-19, respondents Acting Secretary of the United States Department of Homeland Security, Acting Field Director of Immigration and Customs Enforcement, and Superintendent of SCDOC have violated the putative class members' Fifth Amendment due process rights. On May 4, 2020, the court provisionally certified the

---

[1] Former named petitioners Jose Nolberto Tacuri-Tacuri, and Darwin Aliesky Cuesta-Rojas have been released from detention and are no longer parties to this action.

[2] The court uses the acronym "SCHOC" to refer to the jail facility (Strafford County House of Corrections) and "SCDOC" to refer to the county department that operates the jail (Strafford County Department of Corrections).

putative class for the limited purpose of holding expedited bail hearings for class members.  See doc. no. 50.

Now before the court is petitioner's motion (doc. no. 14) seeking final certification of the proposed class.  For the reasons discussed below, the court finds that the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23 are satisfied.  Accordingly, petitioner's motion is granted, and the court certifies the proposed class of SCHOC civil immigration detainees.

## STANDARD OF REVIEW

To obtain class certification, a petitioner must establish all four of the prerequisites set forth at Federal Rule of Civil Procedure 23(a) and must additionally show that the action falls into at least one of the categories outlined at Rule 23(b).  See Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003).  The Rule 23(a) threshold certification requirements applicable to all class actions are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  See Fed. R. Civ. P. 23(a); Amchem, 521 U.S. at 613.  To determine whether the Rule 23(a) threshold requirements have been met, a "district court must undertake a rigorous analysis." In re Nexium Antitrust Litig., 777 F.3d 9, 17 (1st Cir. 2015) (citations and internal quotation marks omitted); see also Gintis v. Bouchard Transp. Co., 596 F.3d 64, 66 (1st Cir. 2010).  This may require the court "to probe behind the pleadings" to determine whether the party seeking certification has affirmatively demonstrated

that the Rule 23(a) requirements have been satisfied "in fact." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (citations and emphasis omitted).

As to the Rule 23(b) categories, petitioners here seek certification under Rule 23(b)(2). Rule 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). To obtain certification under Rule 23(b)(2), the moving party must demonstrate: (1) that "the defendant's behavior similarly affected all members of the prospective class," 5 James Wm. Moore et al., Moore's Federal Practice Civil § 23.43 (2007); (2) that the injury suffered by the prospective class may be remedied through injunctive relief, see Dukes, 564 U.S. at 360; (3) that the prospective class seeks predominantly injunctive as opposed to monetary relief, see id.; and (4) that the injunctive relief sought by the prospective class is applicable to all prospective class members without requiring substantial individual tailoring, see Donovan v. Philip Morris USA, Inc., 268 F.R.D. 1, 27 (D. Mass. 2010).

If the court certifies a prospective class of petitioners, it must also appoint class counsel. See Fed. R. Civ. P. 23(g)(1). "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In addition, before appointing class counsel, the court must consider the following factors:

 (i) the work counsel has done in identifying or investigating potential claims in the action;

 (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

      (iii)    counsel's knowledge of the applicable law; and

      (iv) the resources that counsel will commit to representing the class. . . .

Fed. R. Civ. P. 23(g)(1)(A).

## DISCUSSION

Petitioner seeks certification of the class of all individuals who are now held in civil immigration detention at SCHOC. See doc. no. 14-1 at 9. Gomes, the sole remaining named petitioner, is the proposed class representative. In their objection to class certification (doc. no. 129), respondents challenge whether the proposed class satisfies the commonality requirements of Rule 23(a)(2) and 23(b)(2) and the typicality requirements of Rule 23(a)(3). In their supplemental memorandum in support of their objection (doc. no. 236), respondents additionally challenge whether the proposed class satisfies the numerosity requirements of Rule 23(a)(1). The court addresses the Rule 23 requirements below.

I.    The Rule 23(a) Threshold Requirements

    A.    Numerosity

Rule 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Clough v. Revenue Frontier, LLC, No. 17-CV-

411-PB, 2019 WL 2527300, at *3 (D.N.H. June 19, 2019) (quoting Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (1st Cir. 2009)).  Moreover, the party seeking certification need not establish a precise number of putative class members, as the court may draw "reasonable inferences from the facts presented to find the requisite numerosity." McCuin v. Sec'y of Health & Human Servs., 817 F.2d 161, 167 (1st Cir. 1987).

Here, the record establishes that the number of civil immigration detainees housed at SCHOC has fluctuated significantly, while generally remaining over 40.  See doc. no. 14-1 at 8 (alleging that over 60 civil immigration detainees are housed at SCHOC); doc. no. 115 at 123:3-12, 125:23-25, 126:6-10 (testimony of Superintendent Brackett indicating that approximately 75 civil immigration detainees were housed at SCHOC as of May 1, 2020).  Respondents note, however, that as of August 2020 petitioner had proposed "only 19 individuals for bail hearings," two of which had been withdrawn, doc. no. 236 at 2, and on that basis argue that joinder of the individuals within the prospective class would be practicable.

The court disagrees.  First, where, as here, "only declaratory and injunctive relief is sought for a class," plaintiffs need not identify all members of the proposed class, warranting "relaxation of the requirement of a rigorous demonstration of numerosity." McCuin, 817 F.2d at 167.  Second, where, also as here, "an influx of future members will continue to populate the class . . . at indeterminate points in the future," joinder becomes not merely impracticable but effectively "impossible." Reid v. Donelan, 297 F.R.D. 185, 189 (D. Mass. 2014) (citing William B. Rubenstein, Newberg on Class Actions § 3.15 (5th ed. 2013)) (emphasis in original); see also doc.

5

no. 115 at 111:22-25 (Superintendent Brackett testifying to "high turnover" in the SCHOC population). The court therefore finds that the number of current and future members of the putative class exceeds 40 persons and that joinder of the potential class members would be impracticable. Accordingly, petitioner has met his burden as to the threshold numerosity requirement. See Fed. R. Civ. P. 23(a)(1).

    B.    Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is a "low bar," and total commonality of questions among the putative class members is not required. In re New Motor Vehicles Canadian Export Antitrust Litigation, 522 F.3d 6, 19 (1st Cir. 2008). Courts generally afford Rule 23(a)(2) a "permissive application." Id. (quoting 7A Charles A. Wright et al., Federal Practice and Procedure § 1763 (3d ed. 2005)).

To establish commonality, a plaintiff must show that all putative class members "have suffered the same injury." Dukes, 564 U.S. at 350 (citation and internal quotation marks omitted).[3] This means that the putative class members' "claims must depend upon a common contention. . . of such a nature that . . . its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. "What matters to class certification . . . is not the raising of common questions—even in droves—but, rather, the capacity of a classwide

---

[3] This "same injury" test can be satisfied by one instance of "injurious conduct, even when the resulting injurious effects—the damages—are diverse." In re Deepwater Horizon, 739 F.3d 790, 810-811 (5th Cir. 2014); see also Parsons v. Ryan, 754 F.3d 657, 678 (9th Cir. 2014).

6

<u>proceeding to generate common answers apt to drive the resolution of the litigation</u>." Id. (emphasis supplied and citations and internal quotation marks omitted). Common questions need not predominate; a single common question is sufficient to satisfy the requirements of Rule 23(a)(2). See id. at 359.

    The "low bar" of commonality is easily cleared here. The thrust of petitioner's complaint is that conditions of confinement shared by all civil immigration detainees at the facility put the putative class members' health at substantial risk of harm by inhibiting their ability to practice social distancing during the COVID-19 pandemic. Petitioner asserts that respondents' conduct in maintaining those conditions violates putative class members' Fifth Amendment due process rights to freedom from cruel treatment and freedom from unlawful punishment. As the court determined in its May 14, 2020 order provisionally certifying the proposed class, petitioner's due process claim thus presents at least two common questions: whether each respondent had actual knowledge of the risk posed to the putative class members and whether each respondent failed to take reasonable steps to mitigate that risk. See doc. no. 50 at 7; see also Leite v. Bergeron, 911 F.3d 47, 52 (1st Cir. 2018) (setting forth the elements of a Fifth Amendment due process claim premised on violation of the right to freedom from cruel treatment). Moreover, because petitioner seeks an order declaring unconstitutional the conditions of confinement for all civil immigration detainees held at SCHOC and enjoining respondents to establish a process for reviewing bail applications for the putative class members, class treatment would have the capacity to generate at least some "common answers apt to drive the resolution of the litigation." Dukes, 564 U.S. at

350. The court therefore finds that petitioner has met his burden in connection with Rule 23(a)(2). See e.g., Reid v. Donelan, 297 F.R.D. 185, 189-191 (D. Mass. 2014); Savino v. Souza, 453 F. Supp. 3d 441, 450-452 (D. Mass. 2020).

Respondents' contrary arguments provide no grounds for disturbing the court's finding. Respondents offer four reasons why, in their view, individual differences among putative class members foreclose a finding of commonality: (1) putative class members have different and individually particularized risk factors and levels of risk with respect to COVID-19, (2) conditions of confinement at SCHOC have varied over time, (3) putative class members are detained under an array of different statutes and therefore are subject to different periods of mandatory detention and different conditions for release, and (4), relatedly, class members differ from one another in terms of flight risk and potential dangerousness to the community if released.

As to respondents' first argument, the court acknowledges that putative class members do not share risk factors in common but notes that individualized risk factors do not modify the common conditions of confinement, common legal questions, or common requested declaratory and injunctive relief. Moreover, as noted, the existence of individual differences among putative class members does not foreclose a finding of commonality so long as least one common issue is raised. See Dukes, 564 U.S. at 359.

Respondents' second argument—that conditions of confinement have varied over time—fails even to raise a material individual difference among putative class members. Although conditions of confinement may have varied over time, at all

8

times those conditions applied similarly to all putative class members then in detention.

Respondents fare no better with their third and fourth arguments, premised on differences in the statutory authority pursuant to which putative class members are detained and the factors bearing on whether their release could be appropriate. If petitioner sought only the immediate release of all putative class members, and no other relief, these final arguments would militate against finding that class treatment could promote resolution of a question common to all class members. However, because petitioner in fact seeks declaratory and injunctive relief equally applicable to all putative class members—namely, the court's declaration that conditions of confinement at SCHOC violate class members' constitutional rights and order enjoining respondents to create procedures for expediting class members' bail hearings—the individual differences respondents identify do not foreclose a finding of commonality.

### C.   Typicality

The third threshold requirement of Rule 23(a)—typicality—requires the class representative to show that his claims are typical of the putative class members' claims. Fed. R. Civ. P. 23(a)(3). To be typical, the representative's claims must "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and [be] based on the same legal theory." Garcia-Rubiera, 570 F.3d at 460 (internal quotation marks, brackets, and ellipsis omitted); see also Gen. Tel. Co. of the SW. v. Falcon, 457 U.S. 147, 156 (1982) ("a class

representative must be part of the class and possess the same interest and suffer the same injury as the class members") (citation and internal quotation marks omitted). The representative plaintiff's claims and those of absent class members need not be identical; they need only "share the same essential characteristics." Ouadani v. Dynamex Operations E., LLC, 405 F. Supp. 3d 149, 162 (D. Mass. 2019).

Respondents challenge typicality on essentially the same grounds as they challenge commonality. That is, respondents argue that because not all putative class members are identical in terms of health risk factors, the statutory authority for their detention, or the danger they represent to the community if released, petitioner cannot be typical of the class. However, petitioner's claims arise out of precisely the same conduct as those of the absent members, and petitioner suffered the same injury as all absent class members. All class members' claims, including petitioner's, arise out of the same legal theory: that respondents have violated their Fifth Amendment due process rights through deliberate indifference to the substantial risk of harm created by their conditions of confinement or by subjecting them to punitive conditions of confinement. Petitioner has established typicality.

    D.    <u>Adequacy</u>

The last of the Rule 23(a) threshold requirements is adequacy, which requires that the class representative will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, petitioner must show that "the interests of the representative party will not conflict with the interests of any of the class members," and that "counsel chosen by the

representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985). Respondents do not challenge the certifiability of the proposed class on adequacy grounds.

Nothing in the record before the court suggests any conflict of interest between petitioner and the absent class members. Moreover, as discussed in greater detail below in connection with the requirements of Rule 23(g), petitioner's chosen counsel (Gilles Bissonnette of the American Civil Liberties Union of New Hampshire and Scott O'Connell of Nixon Peabody, LLP) have the requisite qualifications and experience to litigate petitioner's claims on a class basis. See doc. nos. 14-2, 14-3. Accordingly, the court finds that the adequacy requirement is satisfied.

II.   Rule 23(b)(2)

As noted, petitioner seeks certification of the proposed class under Rule 23(b)(2). An action may be maintained under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). This requires the party seeking certification to demonstrate: (1) that "the defendant's behavior similarly affected all members of the prospective class," 5 James Wm. Moore et al., Moore's Federal Practice Civil § 23.43 (2007); (2) that the injury suffered by the prospective class is subject to remedy through injunctive relief, see Dukes, 564 U.S. at 360; (3) that the prospective class seeks predominantly injunctive as opposed to monetary relief, see

id.; and (4) that the injunctive relief sought by the prospective class is applicable to all prospective class members without requiring substantial individual tailoring, see Donovan, 268 F.R.D. at 27.

For the reasons discussed above in connection with Rule 23(a)(2)'s commonality requirement, petitioner has shown that respondents' complained-of conduct has affected all members of the proposed class similarly—all civil immigration detainees at SCHOC are subject to the same conditions of confinement. Moreover, as also noted above, the putative class here seeks solely declaratory and injunctive relief.

As to whether the putative class claims are subject to remedy through uniform injunctive relief, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Dukes, 564 U.S. at 360 (citation and internal quotation marks omitted). Thus, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." Id.

Here, a uniform, indivisible remedy could appropriately issue in connection with the putative class's claims. First, the court could issue the requested declaration that the conditions of confinement of civil immigration detainees at SCHOC violate those detainees' Fifth Amendment due process rights. Second, the court could enjoin respondents to create a process to expedite bail hearings for class members. Third, the court could enjoin respondents either to reduce the detainee population at SCHOC or otherwise to modify conditions of confinement to permit

adequate social distancing. Because non-individualized declaratory or injunctive remedies could provide relief to all class members, class certification under Rule 23(b)(2) is appropriate. See id.; see also, e.g., Savino, 453 F. Supp. 3d at 452; Reid, 297 F.R.D. at 193.

### III.     Appointment of Class Counsel Under Rule 23(g)

The final matter for the court to address is appointment of class counsel under Rule 23(g). The court must consider the work petitioner's chosen counsel has done so far in identifying and investigating class claims, counsel's class action and complex litigation experience, counsel's knowledge of the applicable law, and counsel's available resources for pursuing this litigation. See Fed. R. Civ. P. 23(g)(1)(A). In addition, counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Here, counsel has ably identified and investigated the potential claims at issue. Moreover, counsel has significant experience in litigating class action and other complex matters, as well as extensive familiarity with the constitutional questions raised here. See doc. nos. 14-2, 14-3. The history of this litigation reveals that counsel will devote appropriate resources to this action and will fairly and adequately represent the class. Accordingly, the court appoints petitioner's counsel as class counsel in this matter.

## CONCLUSION

For all the reasons discussed above, petitioner's motion for class certification (doc. no. 14) is granted. The court certifies the class of all individuals held in civil immigration detention at SCHOC. Petitioner Gomes is appointed class representative, and Gilles Bissonnette of the American Civil Liberties Union of New Hampshire and Scott O'Connell of Nixon Peabody, LLP are appointed as class counsel.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 5, 2021

cc: Counsel of record.